Genevieve Mann
Larry J. Kuznetz
Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUDY WASHINGTON AND CARL WASHINGTON, husband and wife<br><br>Plaintiffs,<br><br>vs.<br><br>MERCHANT e-SOLUTIONS, INC., a Washington corporation,<br><br>Defendant | Case No.:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

The Plaintiffs allege:

## I.    **PARTIES & JURISDICTION**

1. Plaintiffs are residents of Spokane County and constitute a marital community as husband and wife.

2. Defendant is a foreign corporation licensed and doing business in the Eastern District of Washington, and does business in Spokane County.

3. This action arises under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq., the Ledbetter Fair Pay Act of 2009, 42 USC § 2000e-5(e), the Washington Law Against Discrimination, RCW 49.60 et seq., and the Washington Equal Pay Act, RCW 49.12.175.

Complaint and Jury Demand - 1

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

4. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## II. FACTS

5. Plaintiffs incorporate and reallege Paragraphs 1-4.

6. Defendant is an Internet technology focused company that has a full-service payment platform for financial institutions and merchants.

7. Plaintiff Judy Washington is a 46-year old, African-American woman. She began working for defendant in 2001 as the Account Set-up Manager. She was the only non-white manager. She earned an annual salary of $32,000.

8. Plaintiff's salary was increased to $36,000 in 2002 and she was told by her manager, Lorie Berriochoa *"That is where you should have been pay-wise."* Plaintiff was the only manager without her own office. Plaintiff asked Ms. Berriochoa if she would convert a conference room into an office and was told *"no"*. Several months later, Ms. Berriochoa converted a conference room into an office for another employee, Vanessa Benson. When Ms. Benson left the company her office was given to a non-manager instead of plaintiff.

9. In September 2003, plaintiff received a merit increase to $37,800 annually.

10. In May 2005, plaintiff applied and received the position of Credit Review Analyst. When she inquired about a raise she was told by Ms. Berriochoa that she would not receive a raise since it was a lateral move and she would be making more than other staff members within the Credit/Risk Department. Several months later, plaintiff learned that credit risk analysts, white males who had less

Complaint and Jury Demand - 2

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

1 responsibility than she did, earned approximately $7,000 more per year than she
2 did.

3     11.    Several months later, in November 2005, plaintiff's manager, Cliff
4 Lanier, resigned his position. Plaintiff was encouraged by David Steinberg,
5 Financial Operations Manager, to apply for the open position. Plaintiff applied and
6 received the Credit Manager position.

7     12.    In discussing her pay level with the Human Resources Director,
8 Germaine Karmiris, plaintiff was told, *"You already make too much."*
9 Plaintiff stated that she had not received a raise in nearly two years, and the new
10 position involved a higher level of responsibility. After plaintiff discussed the
11 matter with Mr. Steinberg, her annual salary was increased to $50,000.

12     13.    In December 2005, Mr. Steinberg left the company. Plaintiff took
13 over nearly all of his job duties and continued her other job tasks as well. Her
14 salary remained the same.

15     14.    In November 2006, plaintiff continued with the same tasks and was
16 given an additional assignment of managing the Account Setup Manager. Her
17 salary was increased to $62,000.

18     15.    In the fall of 2007, plaintiff was promoted to Financial Operations
19 Manager. Plaintiff supervised three managers and thirteen staff. She again
20 discussed a raise with Ms. Karmiris in Human Resources. Ms. Karmiris stated,
21 *"You are already paid too much and you are not worth your current pay."* Plaintiff
22 discussed her salary with Sharif Bayyari, the CEO, who agreed her salary should
23 be increased. Her annual salary was increased to $70,000.

24     16.    Over the next two years, plaintiff continued these tasks plus additional
25 tasks after Lorie Berriochoa left the company.

Complaint and Jury Demand - 3

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

17. In March 2009, plaintiff was disciplined for financial losses that occurred in 2008 with a specific merchant. Other losses had occurred with other managers in the past and no one else was disciplined. As a result, the Account Setup Group and the Chargeback Department were removed from plaintiff's tasks.

18. In November 2009, several of plaintiff's duties were removed from her job responsibilities. She was told by Mr. Bayyari that she was to focus on the Risk Department to get the losses under control and to no longer work on the Credit Department. Her pay remained the same at $70,000. Despite Mr. Bayyari's request that she focus on Risk, plaintiff continued to perform her duties in Credit since her manager, Wes Wilhelm, refused to take those duties over. Plaintiff remained overwhelmed completing her job tasks as well as those assigned to her by Mr. Wilhelm. Plaintiff decided to resign due to the stress of the work environment.

19. After she made the decision to resign, plaintiff contacted her previous manager, Mr. Steinberg, in December 2009. He informed her that while he was the Financial Operations Manager four years earlier, he had earned *"six figures"*. He also stated, *"You were the lowest paid manager when I was there."*

20. Plaintiff resigned on January 4, 2010 effective February 5, 2010.

21. At all relevant times, plaintiff was satisfactorily performing her job duties and responsibilities. At all relevant times, plaintiff was the only female, non-white manager at Merchant e-Solutions.

22. Plaintiff filed a charge of discrimination against defendant with the Federal Equal Employment Opportunity Commission on March 23, 2010.

23. The EEOC issued plaintiff a Notice of Right to Sue letter on June 22, 2010.

Complaint and Jury Demand - 4

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

### III. Equal Pay Act of 1963, 29 U.S.C. § 206(d)

24. Plaintiffs incorporate and reallege Paragraphs 1-23.

25. Defendant failed to pay plaintiff Judy Washington equal pay for equal work due to her sex.

26. Defendant's failure to pay plaintiff Judy Washington equal pay for equal work is a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), which proximately caused damages in an amount to be proven at trial.

### IV. Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

27. Plaintiffs incorporate and reallege Paragraphs 1-26.

28. Defendant discriminated against plaintiff Judy Washington based on her race and sex.

29. Defendant's discriminatory conduct is a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which proximately caused damages in an amount to be proven at trial.

### V. The Ledbetter Act of 2009, 42 USC § 2000e-5(e)

30. Plaintiffs incorporate and reallege Paragraphs 1-29.

31. Defendant discriminated against plaintiff Judy Washington based on her race and sex in her compensation.

32. Defendant's discriminatory conduct is a violation of the Ledbetter Act of 2009, 42 U.S.C. § 2000e-5(e), which proximately caused damages in an amount to be proven at trial.

Complaint and Jury Demand - 5

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

### VI. Washington Law Against Discrimination, RCW 49.60 et seq.

33. Plaintiffs incorporate and reallege Paragraphs 1-32.

34. Defendant discriminated against plaintiff Judy Washington based on her race and sex.

35. Defendant's discriminatory conduct is a violation of Washington's Law Against Discrimination, RCW 49.60.180, which proximately caused damages in an amount to be proven at trial.

### VII. Washington Equal Pay Act, RCW 49.12.175

36. Plaintiffs incorporate and reallege Paragraphs 1-35.

37. Defendant failed to pay plaintiff Judy Washington equal pay for equal work due to her sex.

38. Defendant's failure to pay plaintiff Judy Washington equal pay for equal work is a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), which proximately caused damages in an amount to be proven at trial.

### VIII. Loss Of Consortium Claim

39. Plaintiffs incorporate and reallege Paragraphs 1-38.

40. As a result of plaintiff Judy Washington being paid less due to her race and sex, she was distraught and devastated which impacted her relationship with her husband and children.

41. As a direct and proximate result of defendants' conduct, which resulted in injuries to plaintiff wife, plaintiff husband, Carl Washington, has suffered and will continue to suffer for an indefinite period of time, loss of consortium, services and benefits of plaintiff wife since the date of the occurrence

Complaint and Jury Demand - 6

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

to an unknown date in the future, and most likely permanently, all to his general damage in an amount to be proven at trial.

### IX. Tax Consequences

42. Plaintiffs incorporate and reallege Paragraphs 1-41.

43. Plaintiffs will suffer adverse tax consequences as a result of any damages received herein and requests an additional award by the court for any adverse tax consequences.

### X. JURY DEMAND

A jury trial is hereby demanded for all issues pursuant to Fed. R. Civ. P. 38.

### XI. REQUEST FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment against defendant as follows:

a. Total damages of $500,000, including:
b. General damages in an amount to be proven at trial;
c. Special damages in an amount to be proven at trial;
d. Lost wages and loss of future earnings in amounts to be proven at trial;
e. Tax consequences resulting from any damage award;
f. Loss of consortium in an amount to be proven at trial;
g. Prejudgment and post judgment interest;
h. Attorneys' fees pursuant to RCW 49.60.030, 29 U.S.C. § 206, 42 U.S.C. § 2000e-5(k), common law, equity or statute;

Complaint and Jury Demand - 7

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

j.   Costs and expenses incurred herein; and

k.   For such further relief this Court deems just and equitable;

Dated this 13th day of August, 2010

                     POWELL, KUZNETZ & PARKER, P.S.


By _____
    Genevieve Mann, WSBA #34968
    Attorneys for Plaintiff

_____
Larry J. Kuznetz, WSBA #8697
Attorneys for Plaintiff

genevieve@pkp-law.com
larry@pkp-law.com

Complaint and Jury Demand - 8

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151

| | |
|---|---|
| 1 | STATE OF WASHINGTON    ) |
| 2 | :ss |
|   | County of Spokane    ) |

JUDY WASHINGTON, being first duly sworn on oath, states:

I am a plaintiff above named; I have read the foregoing complaint, know the contents thereof, and believe the same to be true to the best of my knowledge, information and belief.

*/s/ Judy Washington*

Subscribed and sworn to before me this 13th day of August, 2010.

[Notary Seal: Notary Public State of Washington GENEVIEVE MANN MY COMMISSION EXPIRES March 19, 2012]

*/s/ Genevieve Mann*
Genevieve Mann
Notary Public in and for the State
Of Washington, residing at Spokane
My commission expires: 3/19/2012

STATE OF WASHINGTON    )
:ss
County of Spokane    )

CARL WASHINGTON, being first duly sworn on oath, states:

I am a plaintiff above named; I have read the foregoing complaint, know the contents thereof, and believe the same to be true to the best of my knowledge, information and belief.

*/s/ Carl Washington*

Subscribed and sworn to before me this 13th day of August, 2010.

[Notary Seal: Notary Public State of Washington GENEVIEVE MANN MY COMMISSION EXPIRES March 19, 2012]

*/s/ Genevieve Mann*
Genevieve Mann
Notary Public in and for the State
Of Washington, residing at Spokane
My commission expires: 3/19/2012

Complaint and Jury Demand - 9

Powell, Kuznetz & Parker, P.S.
316 West Boone Avenue, Suite 380
Rock Pointe Tower
Spokane, WA 99201
(509) 455-4151